Filed 1/23/25  P. v. Penaflor CA4/3

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　　　v.<br><br>JOSE PENAFLOR,<br><br>　　Defendant and Appellant. | G063817<br><br>(Super. Ct. No. 09CF1748)<br><br>O P I N I O N |

　　　　　Appeal from a postjudgment order of the Superior Court of Orange County, Andre Manssourian, Judge. Reversed and remanded with directions. Request for judicial notice granted.

　　　　　James M. Crawford, under appointment by the Court of Appeal, for Defendant and Appellant.

　　　　　Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, and

Robin Urbanski and Namita Patel, Deputy Attorneys General, for Plaintiff and Respondent.

*      *      *

THE COURT:[*]

Defendant Jose Penaflor appeals the trial court's denial of his petition for resentencing pursuant to Penal Code section 1172.75, subdivision (a).[1] Defendant argues he is entitled to be resentenced on his now invalid section 667.5, subdivision (a) prior prison term enhancements. The Attorney General argues defendant is not entitled to resentencing because the trial court struck the section 667.5 enhancements. We agree with defendant and reverse and remand for resentencing.

PROCEDURAL HISTORY

In 2010, defendant pleaded guilty to second degree robbery (§§ 211, 212.5, subd. (c); counts 1, 5, 8, 9); unlawful driving or taking of a vehicle (Veh. Code § 10851, subd. (a); count 2); possession of a firearm by a felon (§ 12021, subd. (a)(1); counts 3, 6, 10, 12); street terrorism (§ 186.22, subd. (a); counts 4, 7, 11, 14); and obliterating firearm identification (§ 12090; count 13). Defendant admitted enhancements for personal use of a firearm (§ 12022.53, subd. (b)) within the meaning of sections 1192.7 and 667.5 as to counts 1 and 5. As to counts 1, 2, 3, 5, 6, 8, 9, 10, 12, and 13, defendant admitted to a criminal street gang activity enhancement (§ 186.22, subd. (b)(1)). Defendant admitted four prison priors pursuant to section 667.5, subdivision (b).

---

[*]  Before O'Leary, P. J., Moore, J., Sanchez, J.

[1]  All further statutory references are to the Penal Code unless otherwise stated.

2

The trial court sentenced defendant to a term of 23 years 4 months. Pursuant to section 1385, the court struck two prior convictions (§§ 667, subds. (d), (e)(2)(A), 1170.12, subds. (b), (c)(2)(A)). The court also struck defendant's section 667.5, subdivision (b) prison priors for purposes of sentencing only.

In 2023, defendant filed a petition for recall and resentencing pursuant to sections 1172.75 and 1172.7. The trial court found defendant was ineligible for relief under section 1172.75 "because all related enhancements were either stayed or stricken at time of sentencing." The trial court, relying on the reasoning in *People v. Rhodius* (2023) 97 Cal.App.5th 38, 42, review granted February 21, 2024, S283169 concluded, "[T]he ambiguous [term] 'imposed' was shorthand for 'imposed and executed'" because section 1172.75, subdivision (d)(1), which requires the sentence to be lessened, would otherwise "not make sense . . . ."

## DISCUSSION

### I.

### DEFENDANT IS ENTITLED TO A RESENTENCING HEARING

Effective January 1, 2022, section 1172.75, subdivision (a) provides, "Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid." The question before us is whether section 1172.75 entitles defendant to a resentencing hearing where his prior prison terms were stricken for the purposes of sentencing.

#### A. Standard of Review

The proper interpretation of a statute is a question of law that we review de novo, under well-settled standards. (*People v. Lewis* (2021) 11

Cal.5th 952, 961.) In interpreting a statute, "'[o]ur fundamental task . . . is to determine the Legislature's intent so as to effectuate the law's purpose. We first examine the statutory language, giving it a plain and commonsense meaning. . . . If the language is clear, courts must generally follow its plain meaning unless a literal interpretation would result in absurd consequences the Legislature did not intend. If the statutory language permits more than one reasonable interpretation, courts may consider other aids, such as the statute's purpose, legislative history, and public policy.'" (*Sierra Club v. Superior Court* (2013) 57 Cal.4th 157, 165–166.) "We must look to the statute's words and give them their usual and ordinary meaning." (*People v. Gonzalez* (2008) 43 Cal.4th 1118, 1126.)

B. *Analysis*

After analyzing the statute and its legislative history, we conclude that section 1172.75 applies to enhancements, like defendant's, which were stricken for purposes of sentencing, not just to those that were imposed and executed.

First, the plain language of section 1172.75 does not limit its application solely to those defendants whose enhancements were executed. Rather, the statute requires identification of "those persons in . . . custody currently serving a term for a judgment that includes an [invalid] enhancement . . . ." (§ 1172.75, subd. (b).) Thus, the fact that the Legislature did not require that section 1172.75 apply only to those defendants actually serving a sentence for the enhancement indicates the Legislature did not intend to restrict relief to those defendants whose sentences were imposed and executed. This position is consistent with cases which have concluded that section 1172.75 applies to enhancements which have been imposed but stayed. (See, e.g., *People v. Christianson* (2023) 97 Cal.App.5th 300, 305,

4

review granted Feb. 21, 2024, S283189.) As the *Christianson* court noted, "[I]f the Legislature . . . intended to limit section 1172.75 only to those individuals [who] were currently serving an additional term based on the enhancement, it had the ability to do so." (*Id.* at p. 313.)

Second, applying section 1172.75 to enhancements which were stricken for purposes of sentencing comports with the Legislature's express intent in "'*reducing* sentences'" and ameliorating "'"existing racial and socio-economic disparities in our criminal justice system."'" (*People v. Saldana* (2023) 97 Cal.App.5th 1270, 1277, review granted Mar. 12, 2024, S283547.) When an enhancement has been found true, it becomes part of the judgment and must be addressed as part of the sentencing process. Even where the court strikes the enhancement for purposes of sentencing, as here, it may later be imposed and executed so that the defendant serves an additional term of imprisonment, contrary to the Legislature's intent to reduce sentences.

Additionally, we agree with the only published case to address this issue, which concluded that section 1172.75 applies to enhancements which were stricken at sentencing. (*People v. Espino* (2024) 104 Cal.App.5th 188, 194, review granted Oct. 23, 2024, S286987.) We agree with the *Espino* majority that there is no articulable reason to differentiate between section 667.5 enhancements which have been executed, stayed, or stricken for purposes of sentencing. In each of these cases, the judgment contains a now-invalid enhancement for a prior prison term, regardless of how the court originally addressed the enhancement.

Accordingly, the plain language of the statute, legislative intent, and case law support the conclusion that defendants subject to now-invalid section 667.5, subdivision (a) enhancements are entitled to a resentencing

5

hearing, regardless of whether the enhancement was imposed and executed. We therefore reverse the trial court's order denying defendant's request for resentencing.

## DISPOSITION

On January 13, 2025, defendant filed a motion for judicial notice of records produced by the Department of Corrections and Rehabilitation, which documented that he had been added to the list of defendants eligible to file a petition for recall and resentencing pursuant to sections 1172.75 and 1172.7. Judicial notice may be taken of official acts of state agencies. (Evid. Code, § 452, subd. (b), (c).) Accordingly, the motion for judicial notice is granted.

The postjudgment order denying defendant's petition for recall and resentencing is reversed and the matter is remanded to the trial court for resentencing pursuant to the terms of section 1172.75. Upon conclusion of the new sentencing hearing, the trial court is directed to prepare an amended abstract of judgment and forward a certified copy to the Department of Corrections and Rehabilitation.

6